UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-150-FDW

| DERRICK JERVON LINDSAY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| STANLY COUNTY COURT, | ) |  |
| DEPARTMENT OF PUBLIC SAFETY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

First, as to Plaintiff's Application to Proceed in Forma Pauperis, Plaintiff's inmate trust fund account states that as of April 3, 2014, he had $0.00 in his account. See (Doc. No. 5 at 2). The Court finds that Plaintiff has insufficient funds with which to pay the filing fee. The Court, therefore, grants Plaintiff's Application to Proceed in Forma Pauperis.

**I.      BACKGROUND**

Plaintiff is a state court inmate currently incarcerated in Lanesboro Correctional Institution in Polkton, North Carolina, after being convicted of second-degree sexual offense in Stanly County on June 2, 2003. Plaintiff has named as Defendants "Stanly County Court" and "Department of Public Safety." In this action, filed under 42 U.S.C. § 1983, Plaintiff is challenging his conviction based on his contention that he is being incarcerated unlawfully because he is a Moorish American National.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims are barred by <u>Heck</u>.[1]

### IV. CONCLUSION

In sum, for the reasons stated above, the Court dismisses this action as barred by <u>Heck</u>.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

---

[1] Furthermore, and as courts have repeatedly stated, Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous. See <u>Caldwell v. Wood</u>, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous.") (unpublished) (collecting cases); The Court further observes that the "Stanly County Court" is not a legal entity capable of being sued. Furthermore, the North Carolina Department of Public Safety, as an agency of the State of North Carolina, is not a "person" within the meaning of Section 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989). **<u>Plaintiff is advised that this Court may sanction him, including but not limited to holding him in civil or criminal contempt, if he files any further pleadings asserting that he is not subject to the laws of the United States and the States because of his alleged status as a Moorish citizen.</u>**

2. This action is **DISMISSED**.

3. The Clerk is directed to close this case.

Signed: April 14, 2014

Frank D. Whitney
Chief United States District Judge